IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE H&R BLOCK SEVERANCE PLAN, and HRB MANAGEMENT, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 07-0637-CV-W-HFS ) |
| THOMAS P. FITZGERALD, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Defendant Fitzgerald, a former top executive with H&R Block Financial Advisors, Inc., has pending in Michigan an arbitration proceeding with that company (referred to as "Advisors" or employer) and the parent company, H&R Block, Inc. A dispositive hearing is scheduled for the week of November 5, 2007. The issues there in controversy are valued by Fitzgerald at something over $3 million. One of the issues on which he seeks arbitration relates to severance benefits, the issue before me today, which he values at some $400,000.

The severance benefits are governed by the ERISA legislation. The severance plan and its sponsor and administrator, HRB Management, Inc. (hereinafter referred to as Management also a subsidiary of H&R Block, Inc.) are not parties to the arbitration. They successfully resisted being included in the arbitration, and seek, in this litigation to stop Fitzgerald from presenting the severance plan issues to the arbitrators. Management contends there is exclusive federal court jurisdiction over the ERISA issues.

One of several issues in a summary judgment motion filed with the arbitrators by the employer and the parent company was a similar contention that the arbitrators have no jurisdiction

to adjudicate the severance issues. The motion was denied by the arbitrators, without ruling the separate issues and without explanation. It is assumed that the issue of jurisdiction remains one for final ruling by the arbitrators when the facts are more fully presented. As a precaution, however, Management now seeks to stop Fitzgerald from presenting the severance controversy to the arbitrators.

Fitzgerald has filed a motion for transfer to Michigan, the site of the arbitration, and also seeks to dismiss this case because judicial control over arbitration is in the district where the arbitration will occur. I have denied the motion to transfer, to avoid judicial scurrying before the scheduled hearing, and hereby DENY the motion to dismiss (Doc. 5) because (1) the current case does not seek to block the arbitration proceeding as such and (2) the parties to the arbitration case are not attempting to be plaintiffs here.

I have some sympathy, for reasons of comity, for letting the arbitrators have the first bite on the jurisdictional issue presented, assuming, however, that the employer would have an opportunity to challenge in federal court in Michigan a final adverse ruling on arbitral jurisdiction over an ERISA claim. My current ruling, however, is on a preliminary injunction request, which was heard this week. It can be ruled adversely to plaintiffs, after reviewing the four grounds listed by the Court of Appeals in Dataphase Systems for consideration in evaluating such a request.

On Management's likelihood of ultimate success in obtaining an injunction against Fitzgerald's presentation to the arbitrators, it is somewhat awkward to make a tentative appraisal based on very limited factual material (the documents offered by both parties, to which authenticity was stipulated at the hearing). Fitzgerald acknowledges that the general rule for proceeding in an ERISA case would be that the administrator-sponsor (Management) must be the sole or principal

2

defendant in a lawsuit, and that the ERISA statute is structured to achieve that result. See Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998); Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988).[1] Fitzgerald claims, however, that there is a well recognized exception, allowing a direct suit against the employer, when the employer controls or actively influences the denial of benefits. He also contends that when the plan is unfunded, and the employee necessarily looks to the employer for any benefits received, the employer may be sued directly. The parties acknowledge that the plan is unfunded. The issue of control by the employer is apparently asserted in arbitration, but neither side has offered factual support on the issue of control.[2]

At minimum, for current purposes, I would suppose Fitzgerald should have come forward with an explanation to me of what employer control or influence is claimed, as a good faith basis for alleging interference and claiming control. With the parties being as elusive as they have been on this issue, I am inclined to suppose that Fitzgerald does not have a winning hand on the issue of influence or control. He does, however, have the agreed fact that the plan is unfunded.

There is no significant case law supporting Fitzgerald's theory that whenever a plan is unfunded the employee is free to seek relief directly from the employer, and is also freed to bypass the administrator-sponsor. While several cases have been cited, they do not support or even discuss

---

[1]The Circuits are apparently divided as to whether the administrator or the Plan itself should be considered the primary defendant. Suntrust Bank v. Aetna Life Ins. Co., 251 F.Supp.2d 1282, 1291-2 (E.D. Va. 2003).

[2]Fitzgerald holds back because he asserts that Management has the burden of proof and persuasion in seeking a preliminary injunction. Management contends it has satisfied that burden by citing the general rule, and contends Fitzgerald has the burden of going forward (at least) in establishing exceptions. In the arbitration case Fitzgerald has alleged that the employer interfered with his rights, which seems to refer to or include the same thing asserted in unverified argument here–controlling or influencing the adverse decision by Management on the claim for severance benefits.

3

his contention that the administrator can be omitted as a party–when it is a corporate entity not under the general control of the employer and not an alter ego or fictitious name identical with the employer.[3] That may be why Fitzgerald unsuccessfully sought to force Management into his arbitration case. As decided by Judge Rosen, Management had every right to elect a judicial forum for any proceeding against it.

Under the very limited showing before me, I conclude for preliminary injunction purposes that it seems likely that Management (or Advisors, on review of an arbitration ruling) would prevail in the controversy over the forum. It seems unlikely that Fitzgerald can recover on the severance benefit claim without suing Management.[4]

Likelihood of success does not automatically authorize issuance of a preliminary injunction. If I look next at Management's claim of irreparable damage in this case, I find nothing beyond "legal principle", speculative future precedent, and benefit to a sister company, Fitzgerald's former employer. As administrator-sponsor without funding responsibility, Management cannot lose a nickel if I deny relief. The unfunded plan is also not financially at risk. This probably places a preliminary injunction out of reach.

---

[3] The opinion most nearly supportive of Fitzgerald is an unpublished magistrate's ruling where the absence of a Health Plan as a party did not preclude remedial action against an employer. Osbun v. Auburn Foundry, Inc., 2004 WL 2402836 (N.D. Ind. 2004). The circumstances on Osbun are somewhat less extraordinary than would justify proceeding to adjudicate the severance benefit claim without Management, the designated "decider" here. Osbun cites readily distinguishable Circuit Court rulings.

[4] The parties dispute whether I should look to Eighth Circuit or Sixth Circuit law on this issue. I agree with Fitzgerald. While I am of course bound to comply with Eighth Circuit law, this is a case where we are trying to predict whether Fitzgerald could recover directly from his employer without joining Management. That may be determined in the arbitration and if necessary by judges in the Sixth Circuit. I believe the Eighth Circuit, if convinced there is a conflict between the Circuits (which I doubt), would look to the Sixth Circuit for an answer.

4

Going on, however, to consider the balance of hardships, I do find Fitzgerald's position, if barred from proceeding with his severance benefit claim in arbitration, somewhat perilous. The arbitrators might close the books on any claim that Fitzgerald fails to present at the November hearing. It is possible, however, that they would continue the whole case, or allow him to delay the severance benefits claim until I might allow it to be presented. If a ruling for Management at this time would have the effect of defeating the arbitration claim for severance benefits, Fitzgerald is not, however, necessarily without a remedy. The employer has asserted Fitzgerald's failure to exhaust the claim initially asserted to Management. But a failure to exhaust defense does not commit Management to allowing exhaustion at this time. This was touched on in argument and Fitzgerald was not given any assurance that he could proceed with his severance claim before Management. So there is a distinct possibility that Fitzgerald's claim would die, if I granted a preliminary injunction. Weighing this against Management's exposure strongly favors denial of a preliminary injunction.

The final consideration is the public interest. Assuming I would conclude, as currently seems likely, that Fitzgerald is attempting to by-pass the mandatory statutory scheme for processing ERISA claims, the public interest would be a factor against proceeding in arbitration against the employer alone, in pursuit of severance benefits. Management asserts that an unfortunate precedent will have been established, allowing employees to detour from the litigation path chosen by Congress for processing ERISA claims. But I do not presently see that a bad precedent would be fixed by my action. My supposition is that the employer may persuade the arbitrators that they should not act in excess of jurisdiction, or in violation of ERISA procedures, or that if relief were granted to Fitzgerald in arbitration there would be judicial recourse in Michigan. I emphasize,

however, that I am dealing with hypothetical issues and tentative conclusions. I am not summarily and finally concluding that Management's procedural claims are valid.

In my current view that the ERISA mandated procedures trump the Fitzgerald assertion that his procedural rights are guaranteed by the Arbitration Act and the consent of certain parties to the arbitration, I am mindful that the ERISA procedures were tailor-made for the sort of controversy we have before us over severance benefits while the policy favoring arbitration is a general proposition not focused on the specific subject matter of this case.

After considering all issues I conclude that the controlling factors are the absence of irreparable harm to Management and the balance of hardships. The motion for preliminary injunction (Doc. 8) is therefore DENIED.

    /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

October 26, 2007

Kansas City, Missouri